IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA                                              No. 2:10cr233–DWA–011

      v.

RICHARD JASEK,

          Defendant

### *BRIEF IN OPPOSITION TO*
### *GOVERNMENT'S POSTPONEMENT / BIFURCATION REQUEST*

On August 22, 2019 the government filed a hybrid request to either postpone indefinitely or bifurcate a hearing on Mr. Jasek's alleged violations of conditions of supervised release, now set for August 29, 2019 at 11:00 AM.  See Document no. 1046.  We did not consent to this proposed course of action, and the Court accommodated undersigned counsel's request to be heard, by requiring a response by August 26, 2019.

Although facing several alleged violations of conditions of supervised release that were imposed when Mr. Jasek was sentenced March 28, 2012, arguably the most serious is his being named in a federal indictment where he allegedly conspired with others to violate federal drug laws.  See Count 1, No. 2:19cr008–NR–046, at Document no. 501.  The government's petition alleging this violation sets forth all of the controlled substances that were supposedly involved in this conspiracy, however, undersigned counsel has learned from government counsel that Mr. Jasek's alleged involvement encompasses cocaine and one incident involving heroin.

Undersigned counsel has also learned from government counsel that pre–trial disclosures in that pending criminal case that also serves as arguably the most serious violation of the

conditions of supervised release are minimal. This point is raised now because that state of affairs appears to be the actual reason that the government seeks a postponement or, alternatively, a bifurcation.  That is, it appears that the gist of its case against Mr. Jasek in No. 2:19cr008–NR–046 is limited to cooperator or confederate testimony that, if true, the narratives of which would not otherwise be released to Mr. Jasek until the eve of trial, assuming that he elects to try his case.  And, quite simply, it would further appear that the government has no interest in revealing those cards, known as Jencks material (18 U.S.C. § 3500), now because that pending criminal case is nowhere ready for trial scheduling.

     Undersigned counsel, in consultation with Mr. Jasek, is not necessarily using one federal proceeding to assist in representation of him in another pending proceeding.  However, the government has acted quite promptly in serving notice that Mr. Jasek has allegedly violated the conditions of supervised release, and the time has now come for a hearing on the merits.

     It matters not all what happens in the underlying criminal case insofar as that potential impact upon a hearing in this docket.  The government is well–practiced at pursuing criminal sanctions when one violates the conditions of supervised release where one or more violated conditions dealt with a "new" arrest that was later reduced, dismissed, withdrawn or the subject of a not–guilty verdict.  The reasoning, which courts have upheld, is that evidentiary standards and the burden of proof in the supervised–release setting are different from actual trial. So, although a defendant may succeed, somehow, in defending against charges that separately bring about violations of the conditions of supervised release, he or she would still likely face a comeuppance in that realm because the burdens of proof and persuasion are quite different.

     Mr. Jasek sees no difference in conducting the hearing on violations of the conditions of supervised release August 29, 2019 now as opposed to later, even on the arguably most serious

charge, only because the outcome in the pending criminal case is irrelevant to whether he violated that condition of supervised release.

The government cites to two pieces of authority to support its position. Neither one is availing. In United States v. Johnson, 243 Fed. Appx. 666 (3rd Cir. 2007), the defendant claimed that the Court lacked jurisdiction in a bifurcated proceeding to find him guilty of violating a condition of supervised release and then sentencing him after an initial hearing was held several months earlier on the same petition alleging all of the violations. Johnson is inapposite for two reasons. One, the parties in Johnson agreed to bifurcation – which is not true here. Two, Mr. Johnson alleged that he was subject to an illegal sentence the second time around after the district court had issued a sentence on other violations of the conditions of supervised release in the first instance. That issue is obviously not present in this case at this time.

Application of United States v. Harris, 878 F.3d 111 (4th Cir. 2017) to this context seems to be misplaced. There the Fourth Circuit was asked to weigh in on whether a past revocation of an amended petition alleging violations of the conditions of supervised release could be considered again in the realm of a jurisdictional question. The district court did postpone a hearing into the substantive violations and conducted two different hearings, but the appellate opinion offers no insight into whether the postponement was consensual. Furthermore, the opinion dealt with revocations of one term of supervised release on more than one occasion.

WHEREFORE, pursuant to the foregoing averments, Defendant respectfully requests that this Honorable Court keep intact the hearing that is currently scheduled for August 29, 2019 as to all alleged violations of the conditions of supervised release imposed upon Mr. Jasek.

Respectfully submitted,

S/ *Mark A. Sindler*
MARK A. SINDLER, ESQUIRE
*Pa. I.D. No. 53476*
310 Grant Street, Suite 2330
Pittsburgh, Pennsylvania 15219–2264
412.471.6680
exonerator@consolidated.net
Counsel for Richard Jasek